UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JAMAL SANDERS,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, DAN HEYNS,
GOVERNOR RICK SNYDER,
FIRST NAME UNKNOWN WASHINGTON,
D. MARTIN, MAIL ROOM STAFF, AND
R. STEPHENS,

        Defendants.

CASE NO. 11-cv-12563

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

_____/

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING SERVICE ON DEFENDANTS WASHINGTON AND MARTIN**

### I.    INTRODUCTION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § § 1915(e)(2) and 1915A; *see also Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (same). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying those standards, the Court will dismiss Plaintiff's Complaint for failure to state a claim against the following Defendants: the Michigan Department of Corrections (MDOC), and its Director, Dan Heyns; Governor Rick Snyder; and Assistant Deputy Warden, R. Stephens. However, the Court concludes that Plaintiff has stated an arguable claim against the remaining Defendants and will serve the Complaint against those Defendants, Defendants Washington and Martin.

## II.   DISCUSSION

### A.   Factual Allegations

Plaintiff Howard Jamal Sanders is a Michigan state prisoner currently incarcerated by the MDOC at the G. Robert Cotton Correctional Facility in Jackson, Michigan. In his Complaint, Plaintiff names the following as Defendants: (1) the MDOC; (2) the MDOC Director, Dan Heyns; (3) Governor Rick Snyder; (4) Assistant Resident Unit Supervisor (ARUS), First Name Unknown Washington; (5) Resident Unit Supervisor (RUS), D. Martin; (6) the Mail Room Staff; and (7) Assistant Deputy Warden, R. Stephens. The allegations that Plaintiff complains of occurred while he was an inmate at the Charles E. Egler Reception Guidance Center in Jackson, Michigan. Those allegations are as follows: (1) ARUS Washington denied him access to the courts, by forging his legal documents and failing to properly process them, and then retaliated against him for filing grievances; (2) RUS Martin assisted Washington in covering up the forgery and denying him access to the courts; (3) Assistant Deputy Warden Stephens was aware of the allegations and did nothing to protect Plaintiff's legal right of access to the courts; and (4) the MDOC and Director Heyns failed to properly enforce their policies and procedures. Plaintiff seeks monetary damages and injunctive relief against those Defendants.

Plaintiff does not state a specific claim against Defendant Governor Rick Snyder. Rather, he seeks injunctive relief, and requests that Governor Snyder issue a pardon to him.

Plaintiff also lists the "Mail Room Staff" as Defendants but fails to name the staff. He requests that he be permitted to uncover their names through the discovery process, if the allegations against them are not dismissed.

### B. Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 55 F.3d 543, 549 (6th Cir. 2009)). Because section 1983 is a vehicle for vindicating federal rights, not a source of substantive rights itself, the first step is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989) and *Baker v. McCollan*, 443 U.S. 137, 140 (1979)).

Additionally, a complaint may be dismissed for failure to state a claim if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555). Thus, the Court must determine whether Plaintiff's Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### 1. Claims Against the MDOC and Director Heyns

Plaintiff names the MDOC and its Director, Dan Heyns, in their official capacities as Defendants in this action. Plaintiff may not maintain a § 1983 action against those Defendants.

First, regardless of the form of relief requested, the Eleventh Amendment bars civil rights actions against a state, its agencies and departments, and state officials sued in their official capacities unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F.App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). The Sixth Circuit has held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *McCoy v. Michigan*, 369 F.App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, 234 F.3d 1270 (Table), 2000 WL 1679478, at *2 (6th Cir. 2000). Additionally, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Therefore, Plaintiff's claims against the MDOC and its Director in their official capacities must be dismissed.

Second, to the extent that Plaintiff seeks to sue Director Heyns in his individual capacity, such claim also is subject to dismissal. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691-92 (1978); *see also Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Any claim that Defendant Heyns failed to properly supervise Defendants Washington and Martin, should be held vicariously liable for their actions, or did not properly respond to Plaintiff's complaints is insufficient to state a claim for relief under § 1983. Plaintiff has not alleged any facts which indicate that Director Heyns personally or intentionally violated his constitutional rights. Conclusory allegations are insufficient to state a claim under § 1983. *See Jackson v. Madery*, 158 F.App'x 656, 659 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff has thus failed to state a claim upon which relief may be granted as to Defendant Heyns.

2. **Claims Against Assistant Deputy Warden Stephens**

Plaintiff also fails to state a claim against Defendant Stephens. Plaintiff does not make any specific factual allegations against Stephens in his Complaint other than he failed to take corrective action in response to his grievances. As stated above, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *Iqbal*, --- U.S. at ---, 129 S.Ct. at 1948; *Monell*, 436 U.S. at 691. Moreover,

section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, --- U.S. at ---, 129 S.Ct. at 1948. Plaintiff has failed to allege that Defendant Stephens engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

### 3. Claims Against Governor Snyder

Plaintiff has not alleged specific facts establishing that Defendant Governor Snyder was personally involved in the activity which forms the basis of his claim. Defendant Governor Snyder's only role in this action would be the failure to act. He cannot be liable for such conduct under section 1983. *See Shehee*, 199 F.3d at 300. As stated above, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *Iqbal*, --- U.S. at ---, 129 S.Ct. at 1948; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Plaintiff also requests that Governor Snyder pardon him. A Michigan "felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope." *Connecticut Bd. Of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981) (citations omitted).

Accordingly, the Court concludes that Plaintiff's claims against Defendant Governor Snyder are dismissed for failure to state a claim.

### C. Claims Against Defendants Washington, Martin, and Mail-Room Staff

Upon review, the Court concludes that Plaintiff's allegations against Defendants Washington, Martin, and the Mail Room Staff are sufficient to warrant service of the Complaint. Plaintiff states that Defendants interfered with his right of access to the courts and then retaliated against him for filing grievances indicating such a violation.

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)); *see also Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (same). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, 51 F.3d 272 (Table), 1995 WL 150511, at *3 (6th Cir. 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* ( citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Knop*, 977 F.2d at 1000.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary

7

firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

Construing Plaintiff's Complaint liberally with respect to these Defendants, the Court concludes that his claims do not rely on a meritless legal theory. Plaintiff claims that Defendants violated his right of access to the courts by forging and altering his legal documents addressed to this District Court, and interfering with the mailing of those documents. He also claims that Defendants then retaliated against him for filing grievances regarding those violations, by failing to process and return to him the grievances filed. Thus, any further steps in the grievance process were dismissed as untimely filed. Accordingly, the Court will allow the claims against these Defendants to proceed.

### III. CONCLUSION

For the reasons stated, the Court determines that the claims against Defendants MDOC, MDOC Director, Dan Heyns, Assistant Deputy Warden, R. Stephens, and Governor Rick Snyder will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court, however, will allow service of the Complaint against Defendants Washington and Martin.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 10-12-11