UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD SANDERS, #249473,

Plaintiff,

-vs-

Case No. 11-12563
District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF CORRECTIONS, ET AL.,

Defendants.
_________________________________ /

**REPORT AND RECOMMENDATION**

This is a prisoner civil rights case filed under 42 U.S.C. § 1983. Before the Court is Defendant Dave Martin's Motion for Summary Judgment [Doc. #21], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to Martin. Alternatively, I recommend that the complaint be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust administrative remedies as required by 28 U.S.C. § 1997e(a).

## I. FACTS

In his complaint, Plaintiff raised two claims under the First Amendment. First, he alleges a violation of his right to access the courts when Defendant Washington, an Assistant Resident Unit Supervisor ("ARUS") forged and altered certain legal documents, and interfered with the mailing of those documents. Secondly, he alleges that he was subject to retaliation for filing grievances against ARUS Washington.

Plaintiff alleges that Defendant Martin was Washington's supervisor, and that he complained to Martin about Washington altering his legal mail. The claim against Martin is

set forth as Claim 3, at p. 12 of the complaint. He claims that Martin is Washington's supervisor. He alleges that Martin ignored his complaints about Washington, and failed to alert the proper authorities within the MDOC. Plaintiff claims that Martin "failed to act," despite his awareness of the allegations against Washington.

Plaintiff attached a number of grievance forms to his complaint. They specifically state that they are directed at Washington. None of the grievances name Defendant Martin. However, Martin is Step I respondent in the grievances.[1]

Defendant Martin has submitted with his motion the affidavit of Richard D. Russell, the Manager of the Grievance Section of the MDOC. He states that he caused a search of the MDOC database relevant to Step III grievances filed by Plaintiff, and that as of April 11, 2012, Plaintiff filed nine grievances to Step III during the 2011-2012 calendar years. *Russell Affidavit*, ¶ 18. The grievances themselves are attached to Russell's affidavit. None of the grievances name Defendant Martin.

In his reply [Doc. #25], Plaintiff states, at p.3, that he did file a Step I grievance naming Defendant Martin and addressing the issues stated in his complaint, but that he never received a reply to this grievance. Plaintiff has not submitted a copy of this alleged grievance.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the

[1] The MDOC has a three-step grievance procedure, set forth in Policy Directive ("PD") 03.02.130, which is attached to Defendant's motion as Exhibit A. *See also* Affidavit of Richard Russell, Defendant's Exhibit B.

non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

**B. Exhaustion**

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id*.; *Grinter v. Knight*, 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).

## III. DISCUSSION

### A. Summary Judgment

Plaintiff's First Amendment claims against Defendant Martin survived initial screening under the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A. However, Plaintiff has not adequately supported his claims at the summary judgment stage, and has not shown that Martin personally or actively participated in any alleged constitutional violations.

In his complaint, Plaintiff alleges that on March 15, 2011, he complained to Martin about the misdeeds of Washington, and that Martin "failed to act," despite his awareness of his allegations against Washington. *Complaint*, pg. ID 10-11. The grievance reports attached to Martin's motion (as well as the grievances submitted with Plaintiff's own complaint) shows that Martin was the Step I grievance respondent; in other words, he heard and investigated Plaintiff's grievances at the initial step. Martin's responses are dated March 31, April 4, and April 12, 2011. All state that Washington was interviewed and/or a written statement was obtained from him, but that Plaintiff was not interviewed because he had been transferred to another facility. For example, grievance no. RGC/2011/03/0423/171, which alleges Washington's interference with Plaintiff's legal mail, indicates that Martin "interviewed ARUS Washington and received a written statement of facts according to him." Martin cites the applicable Policy Directive, and concludes, per Washington's statement, that Washington "merely changed the date" on the legal mail form that Plaintiff had written incorrectly, and then processed the mail through the mail room in the usual manner.

A plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the complaint. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). Mere failure to act does not amount to personal involvement. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing

*Salehpour v. University of Tennessee,* 159 F.3d 199, 206 (6th Cir. 1998)). Moreover, being aware of an inmate's complaint and failing to take action does not create liability under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). Nor does Martin have *respondeat superior* liability merely because he was Washington's supervisor. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Particularly significant to the present case, liability may not be imposed simply because a defendant reviewed or denied a grievance. *Shehee* at 300; *see also Martin v. Harvey*, 14 Fed.Appx. 307, *2 (6th Cir. 2001)(denial of a prisoner's grievance does not give rise to § 1983 liability).

Because Plaintiff has not shown that Defendant Martin did anything other than review and deny his grievances against Washington, summary judgment should be granted to Martin.

**B. Exhaustion**

The MDOC grievance policy, PD 03.02.130, provides that a grievance shall state the facts involving the issue being grieved ("i.e., who, what, when where, why, how") and that "[d]ates, times, places and names of all those involved in the issue being grieved are to be included." It is, of course, the Defendant's burden to prove the affirmative defense of non-exhaustion. *Jones v. Bock, supra*. Defendant Martin has carried that burden. Plaintiff did not name Martin at any step of any of the nine grievances provided. As discussed above, Martin was merely the Step I respondent to some of the grievances.

In his response [Doc. #25], Plaintiff alleges, at pg. ID 231, that he filed a Step I grievance "naming Defendant Martin regarding the issues stated in his complaint," and placed his grievance in the prison mail box on May 13, 2011, but did not receive a response. However, Plaintiff has not provided a copy of that grievance. Plaintiff did submit a number of other Step I grievances with his complaint, and the notation at the bottom of the page

clearly shows that the prisoner retains one copy of the original grievance. See *e.g.*, *Complaint* [Doc. #1], pg. ID 36. Plaintiff had copies of all of his other grievances. Where is the alleged grievance against Martin? Moreover, even assuming that Plaintiff filed a grievance and received no response, the Policy Directive provides that a grievance appeal can be filed within 10 days after the response deadline expires. *See Defendant's Exhibit A*, PD 03.02.130, ¶ T. Plaintiff has provided nothing to show that he appealed his alleged grievance against Martin to Step II or Step III.

Thus, Plaintiff has not complied with the MDOC's grievance procedure, and has therefore not properly exhausted his claims against Martin. *Woodford v. Ngo*, *supra*. Apart from Plaintiff's failure to show a genuine issue of material fact as to Martin's liability, his complaint is also subject to dismissal without prejudice under 28 U.S.C. § 1997e(a).

## IV. CONCLUSION

For these reasons, I recommend that Defendant Martin's Motion for Summary Judgment [Doc. #21] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to Martin. Alternatively, I recommend that the complaint be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust administrative remedies as required by 28 U.S.C. § 1997e(a).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 11, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 11, 2013.

Howard Sanders, #249473
G. Robert Cotton Correctional Facility
3500 N Elm Ave
Jackson, MI 49201-8887

s/Johnetta M. Curry-Williams
Case Manager