UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD SANDERS, #249473,

                 Plaintiff,                        Case No. 11-12563

                                                 Paul D. Borman
v.                                        United States District Judge

                                                 R. Steven Whalen
MICHIGAN DEPARTMENT OF              United States Magistrate Judge
CORRECTIONS, ET AL.,

                 Defendants.
_____/

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT (Dkt. Nos. 40 & 41);
(2) DENYING PLAINTIFF'S OBJECTIONS (Dkt. Nos. 37 & 39);
(2) ADOPTING THE AMENDED REPORT AND RECOMMENDATION IN PART (Dkt. No.
52); (3) GRANTING DEFENDANT MARTIN'S MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 21); (4) DISMISSING DEFENDANT MARTIN WITHOUT PREJUDICE; (5)
DISMISSING WITH PREJUDICE DEFENDANTS IDENTIFIED AS "MAIL ROOM STAFF
WHO PROCESSED LEGAL MAIL" AND (5) DISMISSING AS MOOT PREVIOUS REPORT
AND RECOMMENDATION (Dkt. No. 36)

      On March 11, 2013, Magistrate Judge R. Steven Whalen issued a Report and

Recommendation in favor of granting Defendant Dave Martin's Motion for Summary Judgment.

(Dkt. No. 36, Report and Recommendation).  Plaintiff Howard Jamal Sanders ("Plaintiff") filed a

timely Objection to the Report and Recommendation dated March 21, 2013.[1]  (Dkt. No. 37).

Defendant Martin filed a Response to the Objection on March 26, 2013.  (Dkt. No. 38).

Thereafter, in a document dated March 25, 2013, Plaintiff filed a "Motion for Supplemental

Pleadings" seeking to supplement his previous Objections.[2]  (Dkt. No. 40).

_____

     [1] Plaintiff filed a duplicate of this document also dated March 21, 2013.  (Dkt. No. 39).

     [2] Plaintiff filed a duplicate of this motion also dated March 25, 2013.  (Dkt. No. 41).

Then, on March 31, 2014, Magistrate Judge Whalen issued an Amended Report and Recommendation (Dkt. No. 52) that additionally recommended the Court *sua sponte* dismiss the defendants identified in Plaintiff's Complaint as "Mail Room Staff who Processed Legal Mail." Plaintiff did not file any objection to this Amended Report and Recommendation. As the Amended Report and Recommendation differs only from the original Report and Recommendation because it additionally disposes of the unidentified "Mail Room Staff who Processed Legal Mail", the Court will consider Plaintiff's previously filed Objections and Defendant Martin's Response to those Objections.

This Court reviews *de novo* the portions of a report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Further, the Court recognizes that the Court must read Plaintiff's *pro se* filings indulgently. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having conducted a *de novo* review of the parts of the Magistrate Judge's Reports and Recommendations to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will adopt the Amended Report and Recommendation to the extent it dismisses Defendant Martin for Plaintiff's failure to exhaust his administrative remedies, and dismisses with prejudice Defendants identified only as "Mail Room Staff who Processed Legal Mail", and grants Defendant Martin's Motion for Summary Judgment. The Court notes after the entry of this order, Defendant Washington will be the sole remaining defendant in this action.

2

## I. BACKGROUND

Plaintiff filed this action on June 13, 2011. (Dkt. No. 1). In his complaint, Plaintiff asserted multiple claims against the Michigan Department of Corrections ("MDOC") and multiple employees. After an initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, this Court dismissed all of Plaintiff's claims except for Plaintiff's First Amendment access to the court claim and a claim for retaliation for filing related grievances. (Dkt. No. 9). The only remaining defendants are Defendant David Martin ("Defendant Martin"), Defendant Washington, and unspecified defendants described as, "Mail Room Staff who Processed Legal Mail". (Dkt. No. 9 at 7-8).

Plaintiff alleges that Defendant Washington, an Assistant Resident Unit Supervisor ("ARUS") forged and altered certain legal documents and also interfered with the mailing of those documents which violated his right to access the courts in violation of the First Amendment. Plaintiff also alleges that he was subjected to retaliation for filing grievances against Defendant Washington.

Plaintiff asserts that Defendant Martin was Defendant Washington's supervisor and that he met with and complained to Defendant Martin about Defendant Washington's interference with his legal mail. (Compl. at 5-6, 12). Plaintiff alleges that Defendant Martin ignored his complaints about Defendant Washington, failed to alert the proper authorities within the MDOC, and "failed to act" despite his awareness of Plaintiff's allegations. (*Id.*).

Plaintiff attached numerous grievances to his complaint which were all directed at Defendant Washington: none of these grievances name Defendant Martin. It is clear, however,

that Defendant Martin was the Step 1 respondent to the attached grievances.[3]

Defendant provided the affidavit of Richard D. Russell, the Manager of the Grievance Section of the MDOC.  (Def.'s Br. Ex. B, Russell Aff.).  Russell stated that he caused a search of the MDOC database relevant to the Step III grievances filed by Plaintiff and that as of April 11, 2012, Plaintiff had filed nine grievances to Step III during the 2011-2012 calendar years.  (Russell Aff., ¶ 18).  All of those grievances are attached to Russell's affidavit, and none of those grievances name Defendant Martin.

Plaintiff asserted in his reply to the motion for summary judgment that he filed a Step I grievance naming Defendant Martin and addressing the issues set forth in his complaint.  (Dkt. No. 25 at 3).  Plaintiff alleged, however, that he never received a response to that grievance.  Plaintiff has not produced a copy of this grievance.

The Magistrate Judge found that Plaintiff's allegations failed to show that Defendant Martin was actively or personally involved in the alleged underlying constitutional violations as required by § 1983.  *See Rizzo v. Goode*, 423 U.S. 362, 372 (2002); *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding a mere failure to act does not amount to personal involvement).  Rather, Plaintiff merely alleged that Defendant Martin denied Plaintiff's Step I grievances against Washington.  Therefore, the Magistrate Judge recommended dismissing Defendant Martin with prejudice.  Alternatively, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies as to Defendant Martin and recommended dismissing Defendant Martin without prejudice.  Finally, the Magistrate Judge found that the Defendants identified merely as "Mail Room Staff who Process Legal Mail" should be dismissed with prejudice from

---

[3] The MDOC follows a three-step grievance procedure, which is set forth in Policy Directive 03.02.130.  (Def.'s Br. Ex. A, Policy Directive; Ex. B., Russell Aff.).

4

this action because these unidentified defendants had never been served pursuant to the Federal Rules of Civil Procedure and the three-year statute of limitations applicable to 42 U.S.C. § 1983 claims has expired.

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  Objections must be timely to be considered.  A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations.  *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999).  "[A] party *must* file timely objections with the district court to avoid waiving appellate review."  *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id*. (internal quotation marks and citation omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

5

Defendant Martin has moved for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. This rule provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Matsushita Electric Industrial Co., Ltd., et al. v. Zenith Radio Corp., et al.*, 475 U.S. 547, 587 (1986). Once this burden is met, the opposing party must produce some facts showing there is a genuine issue for trial. *Id*. If a rational trier of fact could not, based on the record as a whole, find in favor of the party opposing summary judgment, then summary judgment is granted in favor of the moving party. *Id*. The Court must view the facts and draw all reasonable inferences in favor of the non-moving party. The Court does not determine if all of the evidence favors one side or the other, but "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## III. ANALYSIS

### A.     Motion to Supplement

Plaintiff filed two identical motions seeking to supplement his objections to the original Report and Recommendation, both dated March 25, 2013. (Dkt. Nos. 40 & 41). Plaintiff also attached a copy of his proposed objections to the motions to supplement. Plaintiff represents that his new objections were drafted with the help of a legal writer who was unavailable to help him within the proscribed time limit for responding to a Report and Recommendation as set forth in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). The Court appreciates that Plaintiff is a

prisoner proceeding *pro se* and that his motion to supplement was dated one day outside the time limit. Therefore, the Court will grant Plaintiff's motion to supplement and consider his first objections (Dkt. No. 37 & 39) as well as the objections attached to his motion to supplement (Dkt. No. 40 & 41).

**B.      Discovery**

Plaintiff first argues that it was error to deny his previous request for discovery and that the Magistrate Judge erred in his recommendation to grant Defendant's summary judgment motion without allowing Plaintiff to take discovery.

Defendant Martin filed his motion for summary judgment on May 8, 2012, and Plaintiff responded to the motion on June 26, 2012. (Dkt. Nos. 21 & 25). Plaintiff did not indicate in his response that he required discovery to adequately respond to Defendant Martin's motion. Thereafter, Plaintiff served Defendant Martin with interrogatories and Defendant sought an order staying discovery pending a decision on the motion for summary judgment. (Dkt. No. 30). Plaintiff then filed a motion to compel discovery. (Dkt. No. 31). On January 31, 2013, Magistrate Judge Whalen denied Plaintiff's motion to compel and granted Defendant Martin's motion to stay discovery pending the outcome of the summary judgment motion. (Dkt. No. 35). Magistrate Judge Whalen specifically noted in his Order that Plaintiff's requested discovery did not appear to have any bearing on the pending summary judgment motion. (*Id.*).

The Court finds Plaintiff's objection is without merit. Plaintiff's previously requested discovery did not implicate the issues that Defendant Martin sets forth in his motion for summary judgment (failure to exhaust administrative remedies and sovereign and qualified immunity). Additionally, Plaintiff fails to provide any reason or argument in his objection that

discovery could or would have impacted his ability to respond to the motion for summary.  For these reasons, the Court denies Plaintiff's first objection.

**C.      Exhaustion of Administrative Remedies**

Plaintiff next asserts that the Magistrate Judge erred in finding that he failed to exhaust his administrative remedies as to Defendant Martin.[4]  Plaintiff claims that such an argument is "absurd" because "Defendant Martin's actions and the various incidents of interfering with Plaintiff's Step 1 grievance processes were all part of a single claim of retaliation."  (Dkt. No. 40 at 3).

The Magistrate Judge accurately noted that pursuant to the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement is mandatory and applies to all actions brought with respect to prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 517 (2002).  Moreover, the term "exhaustion" means "proper exhaustion" pursuant to the PLRA. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).  *Woodford* provides that whether a claim is "properly exhausted" under the PLRA requires the court to examine the particular institution's administrative rules and regulations (in this case the policy directives) regarding prisoner grievances.  *Id*. at 90.  In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court explained that it is the defendant's burden to assert non-exhaustion as an affirmative defense and a plaintiff need not specially plead or demonstrate exhaustion in his complaint.

---

[4] The Court notes that Plaintiff makes this argument in both of his objections.

In the present case, Defendant Martin argued and the Magistrate Judge agreed that Plaintiff failed to exhaust his administrative remedies against Defendant Martin as required by PD 03.02.130.  (*See* Dkt. No. 36 at 6-7).  The Magistrate Judge found that Plaintiff failed to show that he ever pursued a grievance against Defendant Martin for any wrongdoing through Step II or III of the grievance process.   (*See* Def.'s Br. Ex. A, PD 03.02.130, describing MDOC's three-step grievance procedure).

Plaintiff argues in his objection that because Defendant Martin's alleged wrongdoing was merely one part of a single claim of retaliation, the claim was exhausted as part of a grievance against Defendant Washington.  Plaintiff then cites to *LaFountain v. Martin*, 334 Fed. App'x 738, 741 (6th Cir. 2009). Plaintiff's argument and reliance on *LaFountain* is misplaced.  In *LaFountain*, the issue before the United States Court of Appeals for the Sixth Circuit was whether a grievance had been properly exhausted despite being rejected for "containing multiple unrelated issues".  The Sixth Circuit held that "as a matter of law, [grievance] No. 472 does not raise multiple unrelated issues ... [i]t raises one claim, namely, that [the defendant] retaliated against LaFountain for having filed grievances by labeling him a snitch and a sexual predator in order to motivate other prisoners to take hostile action against him." *Id*.  The Sixth Circuit explained that the "hostile actions" taken against the plaintiff were not separate claims but merely the harm he suffered as a result of the retaliation.  *Id*.

*LaFountain* is factually distinguishable from the present case.  The grievance described in *LaFountain* is one in which the plaintiff named the defendant and alleged a series of actions that the court found comprised a single claim of retaliation.  In the current action, Plaintiff has not claimed he filed a grievance alleging retaliation by Defendant Martin that he pursued to

9

exhaustion to Step III as required by MDOC PD 03.02.120.[5]  Additionally, Plaintiff relies upon grievances he filed against Defendant Washington that do not name Defendant Martin and do not allege the retaliation he now describes.  In fact, all of Plaintiff's relevant grievances claim merely that Defendant Washington was altering or interfering with Plaintiff's mail.  Therefore, Plaintiff's objection is denied.[6]

**D.      Defendants identified as "Mail Room Staff who Process Legal Mail"**

The Amended Report and Recommendation also finds that the Defendants identified in Plaintiff's Complaint as "Mail Room Staff who Process Legal Mail" should be dismissed *sua sponte* by the Court.  The Magistrate Judge notes that these unnamed Defendants have never been served in this case pursuant to FED. R. CIV. P. 4(m), despite more than 120 days having passed.  (Dkt. No. 52 at 7-8).  Further, the three year statute of limitations applicable to § 1983 cases has expired and, therefore, dismissal of these unnamed Defendants should be with prejudice.

Neither party filed an objection pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich L.R. 72.1(d) pertaining to this recommendation in the Amended Report and Recommendation.  Therefore, having reviewed the issue and agreeing with the Magistrate Judge's analysis and

---

[5] Further, Plaintiff's claim that he never received a response to his Martin grievance is not relevant because the Policy Directive provides that a grievance appeal can be filed within 10 days after the response deadline expires, regardless of whether a prisoner receives a response. (*See* Def.'s Br. Ex. A, PD 03.02.130, ¶T).

[6] Plaintiff also objects to the Magistrate Judge's finding that Plaintiff failed to show that Defendant Martin was personally involved in the allegations underlying the complaint and merely alleged he denied Plaintiff's grievances against Defendant Washington.  The Court need not address this issue as it finds that Plaintiff has failed to exhaust his administrative remedies against Defendant Martin and dismissal without prejudice is required.

10

conclusion, the Court shall dismiss the Defendants identified as "Mail Room Staff who Process

Legal Mail" with prejudice.

## IV. CONCLUSION

Therefore, having reviewed *de novo* those portions of the Amended Report and

Recommendation to which objections were been filed, the Court:

(1)     GRANTS Plaintiff's motions to supplement (Dkt. Nos. 40 & 41);

(2)     DENIES Plaintiff's Objections (Dkt. Nos. 37 & 39);

(3)     ADOPTS the Amended Report and Recommendation insofar as it recommends dismissing Defendant Martin without prejudice for failure to exhaust administrative remedies and dismisses "Mail Room Staff who Process Legal Mail" (Dkt. No. 52);

(4)     DISMISSES Defendant Martin WITHOUT PREJUDICE for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

(5)     DISMISSES Defendants identified as "Mail Room Staff who Process Legal Mail" WITH PREJUDICE;

(6)     GRANTS Defendant's Motion for Summary Judgment (Dkt. No. 21); and

(7)     DISMISSES AS MOOT the previously Report and Recommendation (Dkt. No. 36).

SO ORDERED.

s/Paul D. Borman                                
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 3, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 3, 2014.

s/Deborah Tofil                                
Case Manager

11