UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD SANDERS,

              Plaintiff,

-vs-

                                       No. 11-12563
                                       District Judge Paul D. Borman
MICHIGAN DEPARTMENT OF              Magistrate Judge R. Steven Whalen
CORRECTIONS, ET AL.,

              Defendants.

_____ /

## REPORT AND RECOMMENDATION

This is a prisoner civil rights case filed under 42 U.S.C. § 1983. Before the Court
is Defendant Major Washington's Motion for Summary Judgment [Doc. #51], which has
been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).
For the reasons discussed below, I recommend that the motion be GRANTED, and that
the complaint be DISMISSED WITH PREJUDICE.

## I.    FACTS

In his complaint, Plaintiff raised two claims under the First Amendment. First, he
alleges a violation of his right to access the courts when Defendant Washington, an
Assistant Resident Unit Supervisor ("ARUS") forged and altered certain legal documents,
and interfered with the mailing of those documents. Secondly, he alleges that he was
subject to retaliation for filing grievances against ARUS Washington. Specifically, he
alleges that Washington threw five sheets of grievance papers toward him. *Complaint*
[Doc. #1], p. 16.

Plaintiff alleges that on March 8, 2011, at exactly 3:00 p.m., he placed an envelope
containing legal mail, to be sent to this Court, in Defendant Washington's mail box. He

included a "Michigan Department of Corrections Expedited Legal Mail Disbursement"
form. Washington was responsible for processing legal mail. Plaintiff states that the next
day, March 9, 2011, at exactly 8:00 a.m., he placed another envelope, including the
Expedited Legal Mail Disbursement form, in Washington's mail box, addressed to Chief
Judge Gerald Rosen. Plaintiff alleges that when he received the goldenrod-colored copies
of the Legal Mail Disbursement forms back, he saw that the date of March 8, 2011 he
placed on the first mailing had been changed to March 9, 2011, and that the time of 3:00
p.m. had been changed to "0811." *Id.* at 8.

Finally, Plaintiff speculates that the two pieces of legal mail may not even have
been sent out:

> "The two EXPEDITED LEGAL MAIL DISBURSEMENTS and LEGAL
> MAIL have been sitting no one can prove the time and date that this
> LEGAL MAIL was mailed out in the 'out going mail' or even if the
> LEGAL MAIL was mailed?  Leaving the door open for missing the out
> going Mail on 3-11-2011? [T]his is not what you call immediately
> processed LEGAL MAIL?" *Id*. at 9 (Capitalization and underscoring in
> original).

Plaintiff alleges Washington changed the dates on his legal mail disbursement
requests, thereby depriving him of access to the courts. He further alleges that on March
11, 2011, when he complained to Washington about this incident, "Washington
responded in RAGE ! by coming to Mr. Sanders' cell and throwing a GRIEVANCE at
Mr. Sanders then took off leaving." *Id.* at 10 (capitalization in original). This is the basis
of Plaintiff's retaliation claim.

On May 24, 2012, Plaintiff filed a second motion to amend/correct his complaint
[Doc. #22]. I denied the motion as such, stating that "Plaintiff's motion, as framed, does
not seek cognizable relief in terms of amending his pleadings." [Doc. #34]. Nevertheless,
I further stated, "However, in deference to Plaintiff's status as a *pro se* litigant, I will

consider all facts and information contained in his motion in preparing my Report and Recommendation in the pending summary judgment motion." *Id*. In the Plaintiff's pleading [Doc. #22], he states that two pieces of legal mail that form the basis of his claims in the present case were related to a prior case in this Court, *Howard Sanders v. Prison Health Services, Inc., et al.*, E.D. Mich. No. 10-12846, which was assigned to Judge Rosen.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

Defendant Washington raises three arguments is support of summary judgment. First, he argues that Plaintiff did not exhaust his administrative remedies before filing his complaint, as required by 42 U.S.C. § 1997e(a). Secondly, he argues that Plaintiff has failed to establish an actual injury to any non-frivolous litigation, thereby defeating the First Amendment access to the courts claim. Finally, Washington argues that he is entitled to both Eleventh Amendment and qualified immunity. Because the question of whether Defendant Washington violated Plaintiff's First Amendment rights is dispositive, I will confine my substantive analysis to that issue.

### A.   Access to Courts

Prison inmates have a constitutionally protected right of access to the courts, grounded in the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988)("It has long been recognized that the lawful resort to the courts is part of the First Amendment right to

petition the Government for a redress of grievances").  In *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial.  In other words, an inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Taking Plaintiff's factual allegations as true, and assuming that Defendant Washington changed the date on the legal mail disbursement form from March 8 at 3:00 p.m. to March 9 at 8:11 a.m.–a difference of 17 hours and 11 minutes–Plaintiff has neither pled nor demonstrated prejudice to underlying litigation. The Plaintiff did not identify any specific litigation in his original complaint. However, in a subsequent filing [Doc. #22], he alleged that his legal mailing were related to *Howard Sanders v. Prison Health Services, Inc., et al.*, E.D. Mich. No. 10-12846, a civil case he had filed in this Court pursuant to 42 U.S.C. § 1983. The docket entries in that case refute any claim that changing the date on the legal mail disbursement form or mailing out Plaintiff's documents perhaps a day late prejudiced the litigation.

Following March 9, 2011, the docket entries in case no. 10-12846 show the following pleadings and documents having been filed by Plaintiff:

-March 14, Plaintiff's letter to Judge Rosen, dated March 8, 2011, containing an application for appointment of counsel [Doc. #28].

-March 15, letter from Plaintiff regarding status of case [Doc. #27].

-March 25, notice of change of address filed by Plaintiff [Doc. #30]

-March 25, Plaintiff's motion to extend time for responding to Defendants' motion to revoke IFP status [Doc. #31].

-March 25, letter from Plaintiff to Judge Rosen [Doc. #32].

On May 11, 2011, the Magistrate Judge assigned to that case issued a Report and Recommendation ("R&R") recommending that Plaintiff's IFP status be revoked [Doc. #35]. On May 25, 2011, Plaintiff filed an Objection to the R&R [Doc. #26]. On June 3, 2011, Judge Rosen sustained Plaintiff's objection, rejected the R&R, and denied Defendants' motion to revoke IFP status [Doc. #38].

On June 8, 2011, the Magistrate Judge issued a scheduling order, setting dates for discovery and for dispositive motions [Doc. #40]. Subsequent entries show that both the Defendants and the Plaintiff filed and replied to dispositive motions as well as non-dispositive motions, and that when the Magistrate Judge issued R&Rs that were unfavorable to the Plaintiff, the Plaintiff filed timely objections. On March 8, 2013, Judge Rosen granted summary judgment to Prison Health Services, Inc., the last remaining Defendant, and dismissed the case [Doc. #82].[1]

In other words, notwithstanding his unhappiness with Defendant Washington having changed the date on his disbursement form, Plaintiff was able to respond to all of the dispositive motions filed in the underlying case, to send correspondence to the Court, and to file motions of his own. He has not identified missed deadlines or any other prejudice to his litigation. Accordingly, his First Amendment access to the courts claim fails.

## II.  Retaliation

_____

[1] The case involved a claim of deliberate indifference to Plaintiff's medical needs. On August 30, 2010, Judge Rosen *sua sponte* dismissed the individual defendants under 28 U.S.C. §§ 1915(e)(2) and 1915A [Doc. #10]. Plaintiff's claims against the Michigan Department of Corrections were dismissed on February 29, 2012 [Doc. #64].

In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

Clearly, filing an administrative grievance is protected conduct; therefore, Plaintiff has met the first prong of *Thaddeus-X*.

As to the second prong, an "adverse action" is defined as one which "is capable of deterring a person of ordinary firmness from exercising his or her" rights. *Id.*, 175 F.3d at 398. It is here that Plaintiff's retaliation claim falters. Stating that "the definition of adverse action is not static across contexts," *Thaddeus-X* observed that "[p]risoners may be required to tolerate more than public employees, who may be required to tolerated more than average citizens, before an action taken against them is considered adverse." *Id.* at 398. The Court went on to note that "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations...." *Id*.

The claimed "adverse action" here was Defendant Washington flinging grievance papers when he learned that Plaintiff had complained about his changing the date on his disbursement form. It is difficult to imagine that this would deter anyone–much less a person of ordinary firmness–from asserting his or her First Amendment rights. Such a petulant and immature reaction of the part of a corrections officer would be more likely to produce amusement rather than fear on the part of a prison inmate. In *Suarez v. Kremer*, 2008 WL 4239214, *12 (W.D.N.Y. 2008), the court, citing *Thaddeus-X*, dismissed a retaliation claim where the alleged adverse actions were shoving the inmate, "an isolated

inappropriate touching and verbal harassment," denial of recreation time and law library access, and being labelled a "snitch." Yet in comparison to the present case, the adverse actions in *Suarez* were draconian. Plaintiff has not made out a viable retaliation claim.

Because this complaint is dismissible on the merits, it is unnecessary to address the administrative exhaustion issue. *See* 42 U.S.C. § 1997e(c)(2). As to the qualified immunity issue, a defendant is entitled to qualified immunity if the plaintiff has not shown the violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194 (2001). As discussed above, there was no constitutional violation in this case.[2]

### IV.   CONCLUSION

For these reasons, I recommend that Defendant Washington's Motion for Summary Judgment [Doc. #51] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

---

[2] In his response to this motion [Doc. #58], Plaintiff concedes that he has not sued Washington in his official capacity. The Eleventh Amendment argument is therefore moot. Also, because Plaintiff is no longer incarcerated, any claim for injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall  address specifically, and in the same order raised, each issue contained within the objections.


                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: December 30, 2014


                          **CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing document was sent to parties of record on December 30, 2014, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager